UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARRYL J. SENTMORE | CIVIL ACTION |
| VERSUS | NO. 15-760 |
| DCL MOORING AND RIGGING | SECTION "C" |

ORDER AND REASONS[1]

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant, DCL Mooring and Rigging ("DCL"). *See* Rec. Doc. 26. Plaintiff Darryl J. Sentmore ("Sentmore") opposes the motion. *See* Rec. Doc. 28. Defendant filed a reply memorandum. *See* Rec. Doc. 34. Having considered the memoranda of counsel, the record, and the applicable law, the motion is DENIED for the following reasons.

I.   Background

The following are the facts according to Sentmore's complaint. Sentmore, an African-American man, was employed as a truck driver with DCL from 2007 to 2014. *See* Rec. Doc. 24 at 1. Beginning in 2012, Sentmore alleges he made several verbal complaints to his then-supervisor, Scott Folse, stating that his coworker, Wade Rodi ("Rodi"), a white male, was a racist. *See id.* at 2. Sentmore alleges that Rodi refused to assist him in unloading his truck, although that was part of Rodi's job; that Rodi would occasionally load Sentmore's truck incorrectly, which constituted a safety risk had Sentmore not noticed; refused to return Sentmore's greetings; and would refer to Sentmore and other African-American employees as "y'all people." *See id.*

---

[1] Tracy Law, a third year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

1

On February 24, 2014, Sentmore alleges he made a verbal complaint with similar allegations to his new supervisor, Steve Lyon. *See id.* Sentmore additionally complains that Rodi talked down to him and had referred to Sentmore as someone "who just didn't understand." *See id.* An investigation was allegedly conducted by DCL's Human Resources Department. *See id.*

On March 12, 2014, DCL terminated Sentmore, citing a reduction in force, and informed him of the results of the investigation into his allegations. *See id.* His Employee Performance Report additionally cited restructuring and recent write-ups relating to job performance as reasons for termination. *See id.*

Sentmore filed a claim of retaliation with the Equal Employment Opportunity Commission ("EEOC") on April 22, 2014. *See id.* at 1. He received a right-to-sue letter on December 8, 2014. *See id.* On March 9, 2015, Sentmore filed this suit against DCL alleging retaliation in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-3(a) (2013).

## II.   Standard of Review

In a Rule 12(b)(6) motion, the court must assume that all well-pleaded facts are true and view them in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is enough for the pleaded facts to "raise a reasonable expectation that discovery will reveal evidence." *Twombly*, 555 U.S. at 556. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. at 679.

### III. Law and Analysis

DCL's motion addresses two issues: timeliness and the Title VII retaliation claim.

#### A. Timeliness

Title VII requires that "a charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1) (2013). In discrete discrimination claims, "each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Termination is an easily identifiable discrete discriminatory or retaliatory action. *See Id.*

DCL argues that Sentmore's claims are time-barred because the majority of his allegations occurred beyond the 180-day limit. *See* Rec. Doc. 26-1 at 5–6. According to DCL, the only allegation that is actionable is Rodi's statement that Sentmore was someone "who just didn't understand." *See id.* at 6. However, Sentmore did not make a claim of racial harassment or discrimination. He filed a claim alleging that DCL terminated his employment in retaliation for his complaint of racial discrimination against his coworker. *See* Rec. Doc. 24 at 1–2. The alleged unlawful employment practice in this case is the termination, not Rodi's workplace behavior.

Sentmore was terminated on March 12, 2014 and filed a claim with the EEOC on April 22, 2014, well within the 180-day limit. *See id.* at 2. Sentmore's claim is not time-barred.

#### B. Title VII Retaliation Claim

To establish a claim of retaliation in violation of Title VII, Sentmore must demonstrate that (1) he engaged in a protected activity, (2) that an adverse employment action occurred, and

(3) a causal link between the protected activity and the adverse action existed. *See Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002). DCL states that Sentmore has failed to allege facts to support prongs one and three. *See* Rec. Doc. 26-1 at 4–11.

      i.      Protected Activity

DCL makes three distinct arguments as to why Sentmore did not engage in protected activity. First, DCL characterizes Sentmore's complaints as "vague grousings and grumblings" that fall outside the definition of protected activity. Rec. Doc. 26-1 at 8. DCL correctly asserts that "[a] vague complaint, without reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Riley v. Napolitano*, 537 Fed. Appx. 391, 392 (5th Cir. 2013). DCL then makes the argument and concludes that Sentmore's complaints are vague, do not allege that the unfair treatment was due to a protected status, or do not specify specific incidents. *See* Rec. Doc. 26-1 at 7–8.

DCL's argument is unfounded. Sentmore's complaints are distinguishable from the cases cited in DCL's motion. *See* Rec. Doc. 26 at 7–8. Sentmore explicitly stated that Rodi was a racist, which evokes Title VII's prohibition against race discrimination. *See* Rec. Doc. 24 at 2. Furthermore, Sentmore listed examples of incidents when Rodi would treat him worse than white drivers. *See id.* It is clear that Sentmore was not complaining of mere mistreatment, as DCL characterizes, but of mistreatment *because of* race.

Second, DCL argues that Sentmore did not engage in a protected activity because Rodi's behavior was not unlawful under Title VII. *See* Rec. Doc. 26-1 at 9. Under Title VII, an employee is protected from retaliation when "he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §

2000e-3(a) (2013). An employee need only to show that he reasonably believed that the employer was engaged in unlawful employment practices. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000). It is therefore not necessary for Sentmore to show that Rodi's behavior is unlawful under Title VII, as DCL claims. Rather, Sentmore only needs to demonstrate that he *reasonably believed* that Rodi was engaging in unlawful employment practices.

Third, DCL argues that Sentmore's complaints do not rise to the level of protected activity because he does not demonstrate a reasonable belief that Rodi was violating Title VII. *See* Rec. Doc. 26-1 at 8–9. DCL describes Rodi's actions as "simple teasing, offhand comments, and isolated incidents," which do not violate Title VII unless these incidents are "extremely seriously." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (citing *Faragher v. Boca Raton*, 524 U.S. 775 (1998)).

The Court disagrees. The Fifth Circuit has found that reasonable belief can be implicit, given the evidence. *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140–41 (5th Cir. Unit A Sept. 1981). There is merit in DCL's argument that Rodi's failure to assist Sentmore with loading and unloading his truck, to return greetings, and to speak to Sentmore with respect would not be judged by the reasonable person as discriminatory behavior. Title VII is indeed not meant to be a "general civility code" for the workplace. *Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998). However, DCL ignores Sentmore's allegations that Rodi would mis-load Sentmore's truck, which jeopardized public safety and Sentmore's job security, in addition to Rodi being a racist. *See* Rec. Doc. 24 at 2. These allegations together imply that Sentmore reasonably believed that Rodi's attempts to sabotage him were motivated by racial animus, in

violation of Title VII.  Sentmore has pleaded facts sufficient to show that he engaged in a protected activity.

      ii.      Causal Link

DCL claims that Sentmore has not proven a causal link between his protected activity and the adverse employment action. *See* Rec. Doc. 26-1 at 10. DCL claims that Sentmore's case is based entirely on speculation and that there is a lack of temporal proximity from which to infer causation. *See id.* The Supreme Court has found that "Title VII retaliation claims must be proved according to traditional principles of but-for causation." *Univ. of Tx. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). "Close timing between an employee's protected activity and an adverse action against him may provide the "causal connection" required to make out a *prima facie* case of retaliation." *Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). A plaintiff cannot, however, rely solely on temporal proximity. *Strong v. Univ. Healthcare System, L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007). Nonetheless, courts have implied that employer notice of the protected activity, along with close temporal proximity, can suggest a causal connection. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (finding that 20 months is too long to establish causality); *Haire v. Bd. Of Supervisors of Louisiana State Univ. Agric. and Mech. Coll.*, 719 F.3d 356 (5th Cir. 2013) (finding a 3-month period sufficient to create inference of retaliation); *Ware v. CLECO Power LLC*, 90 Fed. Appx. 705 (5th Cir. 2004) (finding 15 days between a protected complaint and termination sufficient to satisfy causation prong of a *prima facie* retaliation claim); *Barnes v. McHugh*, Civil Action No. 12-2491, 2013 WL 3561679, at *16 (E.D. La. 2013) (finding that plaintiff's ongoing EEOC complaint was common knowledge among her supervisors and contributed to their retaliatory actions).

In the case at hand, Sentmore was terminated sixteen days after he made a protected complaint to his supervisor. *See* Rec. Doc. 24 at 2. Just after two weeks is well within the range set by the Fifth Circuit as close enough to establish temporal proximity and causation. Additionally, DCL had notice of Sentmore's protected activity. Sentmore alleges that his complaints were investigated by DCL's Human Resources Department. *See id.* at 2. Sentmore was informed of the investigation's negative findings at the same time that he was terminated by representatives of DCL's Human Resources Department. *See id.* at 2. Sentmore has pleaded facts that allow an inference of a causal connection between the protected activity and an adverse employment action.

Accordingly,

IT IS ORDERED that defendant's Motion to Dismiss is DENIED as to plaintiff's Retaliation claim. *See* Rec. Doc. 26.

Entered this 10th day of November, 2015, in New Orleans, Louisiana.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**